ROGERS, *Respondent,*
*v.*
HARDEN et al, *Appellants.*
547 P2d 114

*Donald L. Alderton,* Portland, argued the cause and filed briefs for appellants.

*Richard L. King* of Robertson & O'Hara, Portland, argued the cause and filed a brief for respondent.

HOLMAN, J.

## HOLMAN, J.

Plaintiff brought a suit to foreclose a trust deed which secured the unpaid balance of a note payable by defendants to plaintiff. Defendants appeal from a decree of foreclosure.

The balance of the note represents the unpaid purchase price of real property in the City of Gresham sold by plaintiff to defendants. Defendants built four duplexes upon the property. The dispute involves the balance owing to plaintiff. The property was sold under an earnest money agreement which was the only writing between them and which was drawn by the brother of plaintiff who was also representing her as a real estate broker. Under the agreement plaintiff was "to pay for cost of road & utility improvements along South face of property to be known as 5th Street."

The parties disagree as to what this provision includes. Plaintiff claims it was intended that she be required to pay only the cost of the street, curbing, main sewer line and main water line, while defendants claim it was intended that plaintiff be required to pay, in addition to those costs she acknowledges, the cost of the laterals to the property line from the main sewer and water lines, the sidewalks, and the driveway aprons to the property line.

Neither of the parties was a neophyte to property transactions of this kind. Plaintiff, in addition to being represented by her brother in the sale of the property, was a real estate broker in her own right. Defendants were builders of considerable experience. The parties had had no discussion as to what was intended to be included within the provision in question. We are therefore governed in our de novo consideration of the matter by what the agreement appears to us to mean in light of the evidence of the meaning of such a provision in the industry and the terms under which such sales are usually made.

[ 431 ]

■ It is our conclusion the trial court erred in holding that it was not the obligation of plaintiff to pay the cost of the sewer and water laterals to the property line. First, it would appear probable that the words, "utility improvements along South face of property" were intended to include all utility installations up to the south face of the property (the property was on the north side of the street) which would include the utility laterals to that point. Second, and more importantly, we are impressed by the testimony that the main utility lines and the laterals therefrom to the property line are almost always laid simultaneously as one job by the city or other governmental subdivision prior to surfacing the streets.

Lastly, we construe the testimony of a contractor who was called as an expert witness to mean that where contracts provide for the seller to pay the cost of the installation of utilities along the street, such cost is usually intended to include the installation of the laterals to the property line. After the wording of the contract was called to his attention, the expert witness testified:

"Q.   Yes, I am wondering whether this means to you that the main sewer and water plus laterals would be included or whether the laterals would be excluded.

"A.   They should be put in. I have never seen it done otherwise."

Close questions of construction arising from ambiguous contracts are resolved against the party drawing the contract. Despite plaintiff's contention that her brother, who drew the contract and who was selling the property for her, was also representing defendants, it is our conclusion that in this transaction he was representing her alone.

■ We also conclude that the trial court properly held the cost of the sidewalks and driveway aprons to be neither part of the cost of the installation of the road nor of the utility improvements as contemplated by

[ 432 ]

the contract and, therefore, such costs should be paid for by defendants.

There is an admission by plaintiff that at one time there was an offer to pay the interest owing upon the note. The payment was offered in full satisfaction, the claim being made by defendants that they had made all principal payments by assuming costs which plaintiff was obligated to incur under the agreement. However, an additional amount, though small, remained owing on the principal of the note as computed under our construction of the contract and, therefore, the court properly granted foreclosure. Because the tender was conditional upon its being accepted as full payment and because no tender of the full amount owing was made, we believe the trial court was correct in not stopping the running of interest upon the sum tendered. The amount due upon foreclosure will be modified in accordance with this opinion.

Defendants are entitled to attorney's fees upon appeal pursuant to ORS 20.096(1).

The judgment of the trial court is affirmed as modified.